

 

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–933

| | |
|---|---|
| AARON JAMES SZABO<br>APPELLANT | Opinion Delivered MAY 27, 2015 |
| V. | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR–14–462-1] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE WILLIAM A. STOREY, JUDGE |
| | SUPPLEMENTAL ADDENDUM ORDERED |

**CLIFF HOOFMAN, Judge**

Aaron James Szabo appeals after he entered a conditional plea on the charge of Driving While Intoxicated – First Offense and was sentenced by the Washington County Circuit Court to a fine of $325, court costs of $300, and booking/administrative fees of $20 and given one day of jail credit.[1] On appeal, appellant contends that (1) the police officer illegally seized appellant by opening the driver's door and positioning himself between the open door and the seat occupied by appellant; (2) the police officer had no objective reason to believe that appellant was in immediate need of medical assistance and imminent danger of death or

---

[1]While the trial court orally pronounced that it sentenced appellant to one day in county jail with one day jail credit, the written sentencing order does not reflect that the trial court sentenced him to any time in county jail. Our supreme court has held that when there is a discrepancy between the written sentencing order and the oral pronouncement of sentence, it is the written sentencing order that controls. *See Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325.

serious bodily harm, and thus, no exigent circumstances existed authorizing the officer's opening of the car door and entry into appellant's vehicle; (3) the police officer illegally searched appellant's vehicle by opening the driver's door and leaning into appellant's vehicle; and (4) the police officer illegally seized appellant by opening the driver's door, entering appellant's vehicle, turning off appellant's vehicle, and removing and taking possession of the keys to the vehicle. However, we cannot address the merits at this time because appellant failed to comply with the Arkansas Supreme Court's rules governing the contents of the abstract and addendum.

An appellant must include in the addendum those exhibits that are essential for our court to understand the case, including computer disks and DVDs, if applicable. Ark. Sup. Ct. R. 4-2(a)(8)(A)(i) (2014). Here, the video recording of the officer's dashboard camera, as referenced in appellant's argument, was made part of the record and was essential to the trial court's consideration of his argument regarding an alleged illegal search and seizure. In our de novo review of suppression issues, we necessarily would need to review the entirety of the evidence before the trial court, which would include the DVD of this recording. Although appellant's addendum is flagrantly deficient, the deficiency does not require complete rebriefing. Therefore, we order appellant to file a supplemental addendum within seven calendar days to provide the video exhibit to the members of our court. Ark. Sup. Ct. R. 4-2(b)(4) (2014); *see also Benca v. Benton Cnty. Circuit Court*, 2013 Ark. 418; *Stutte v. State*, 2013 Ark. App. 514; *Lewis v. State*, 2012 Ark. App. 540.

KINARD and WHITEAKER, JJ., agree.



*Norwood & Norwood*, by: *Jon Nelson*, *Alison Lee*, and *Doug Norwood*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.